UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA MONDEREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18CV74 DDN |
| | ) | |
| BRAD TERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Joshua Monderen, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $34.02. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $135.12, and an average monthly balance of $170.14. The Court will therefore assess an initial partial filing fee of $34.02, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff is presently an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He brings this action pursuant to 42 U.S.C. § 1983 against corrections officer Brad Terry, Dean Minor (the Warden of Moberly Correctional Center ("MCC")), and Ryan Crews (the Assistant Director of the Missouri Department of Corrections ("MODOC")). Plaintiff does not state the capacity in which he sues the defendants.

The facts giving rise to plaintiff's claims occurred when he was incarcerated at MCC. According to the complaint, when plaintiff was in solitary confinement, he was punched in the groin through the food port door. A corrections officer named Lonis witnessed the incident. Investigator Wendy Stokes interviewed plaintiff, and "tried to cover up the incident, along with

the other defendants." (Docket No. 1 at 5). The Department of Corrections has a policy and practice of covering up guard assaults on inmates.

Plaintiff states he "seeks monetary damages and equitable relief because of violation of his federally-protected rights, and because he is still in constant pain from the assault, and [has] nightmares about the incident." *Id.* Plaintiff claims "the assault has affected [him] both physically and mentally, and has left permanent scars." *Id.* He seeks actual and punitive damages in the amount of $100,000 each.

Attached to the complaint are copies of documents related to a grievance plaintiff filed on January 31, 2018 while at MCC. In his grievance, plaintiff alleged he was assaulted by Lt. Terry, and that Terry punched him in his groin through the food port door. In a document titled "Warden's Response," it is noted that the matter had been investigated and addressed. Plaintiff appealed the matter, and on April 12, 2018, Crews filed a Grievance Appeal Response. Therein, Crews noted that plaintiff had "far exceeded" the time frame within which he was to have filed his grievance, but that a response was provided as a courtesy. (Docket No. 1, attch. 2 at 3). Crews noted that plaintiff was transferred to ERDCC on January 17, 2017, and was interviewed by Investigator Stokes on February 23, 2017, so the alleged assault would have occurred prior to the interview. Crews noted that, during the interview, plaintiff did not mention the alleged assault to Stokes, and told her that Terry was always fair and treated offenders nicely. Crews concluded that plaintiff had not provided evidence to support his claim that Terry assaulted him, and denied his appeal.

## Discussion

The complaint does not state whether the defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is

4

suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

In this case, all of the defendants are employed by MODOC, which is an agency of the State of Missouri. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Thus, plaintiff's claims for damages against all of the defendants are subject to dismissal. While plaintiff states he also seeks "equitable" and "injunctive" relief, he does not specify what actions he wants taken. Nevertheless, plaintiff's claims for injunctive relief would be moot because he has been transferred from the institution where the alleged violation occurred. *See Sossamon v. Texas,* 563 U.S. 277, 304 (2011), *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). As a result, the Court concludes that the complaint fails to state any viable claims for relief against any of the named defendants.

Even if plaintiff had sued the defendants in their individual capacities, the complaint would be subject to dismissal. Plaintiff can be understood to allege that Terry used excessive force against him in violation of his Eighth Amendment rights. " '[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.' " *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). In the context of a prisoner's Eighth Amendment claim against a prison guard for the use of excessive force, "the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6.

While an inmate need not have suffered a serious injury in order to maintain an Eighth Amendment claim, the extent of the injury is one factor to be considered in determining whether the use of force was wanton and unnecessary. *Id.* Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.* at 9 (citing *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir. 1973) ("not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). The "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " *Id.* at 9-10.

In the instant complaint, plaintiff alleges he was punched in the groin through an open food port. He does not state when the incident occurred, but he does state it occurred at MCC. Documents plaintiff attached to the complaint indicate he was transferred to ERDCC on January 17, 2017, so the incident would necessarily have occurred before that date. In documents attached to the complaint, plaintiff identifies Terry as the one who punched him. However, nowhere in the complaint or in the attached documents does plaintiff allege facts permitting the inference that Terry hit him maliciously or sadistically to cause harm, as required to state a claim under the Eighth Amendment. Plaintiff also fails to allege that he ever sought medical treatment or even pain medication following the incident, which belies his statement that he is now, at least eighteen months later, in "constant pain" from the incident. *See Hudson*, 503 U.S. at 9-10 (explaining that an "inmate who complains of a push or shove that causes no discernible injury almost certainty fails to state a valid excessive force claim"); *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) ("Section 1983 is intended to remedy egregious conduct, and not every assault or battery which violates state law will create liability under it."). Finally, plaintiff
6

attached a document to the complaint showing that when Stokes interviewed him about Terry, he described Terry as fair and nice, and did not mention the assault. While plaintiff states that Stokes "tried to cover up the incident" and that MODOC has a policy of covering up assaults, he does not explain what he means by that, much less allege that he actually did tell Stokes about the assault. Thus, while plaintiff may have established that Terry acted unprofessionally, he has not raised a valid Eighth Amendment claim for excessive use of force, nor does he have the requisite physical injury to support a claim for mental or emotional suffering.

The complaint also fails to state a claim against Minor and Crews, because plaintiff has not alleged they were directly involved in or personally responsible for violating his rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). It appears plaintiff has included Minor and Crews in this lawsuit because they hold administrative or supervisory positions. However, a *respondeat superior* theory is inapplicable in § 1983 cases. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). To the extent plaintiff can be understood to claim that Minor or Crews responded inappropriately to his grievance or his grievance appeal, such allegations do not state a claim of constitutional dimension. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison official's failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and confers no substantive right on inmate).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $34.02 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of October, 2018.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE